IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NYAH LOHR,

       Plaintiff,

v.

DANIEL LOHR,

       Defendant.

Case No. 6:26-cv-237-MC

OPINION & ORDER

MCSHANE, Judge:

      Defendant Daniel Lohr removed a state court proceeding where his daughter, Plaintiff Nyah Lohr, sought to obtain a stalking order against Defendant. ECF No. 1. Both parties represent themselves. Defendant attached copies of documents from the state court proceeding, including a show cause order noting that "**A STALKING PROTECTIVE ORDER HAS BEEN ISSUED BY THE COURT WHICH AFFECTS YOUR RIGHTS. THIS ORDER IS NOW IN EFFECT.**" ECF No. 1, Ex. 1 (emphasis in original). In the Notice of Removal, Defendant argues that "[t]he allegations [in the underlying petition] reference historical situational domestic discord inherent to high-conflict marital dissolutions." ECF No. 1, ¶ 3. Defendant argues his daughter "is appearing as a psychological proxy for a third party (the Mother), attempting to 'bootstrap' stale marital grievances into a fresh stalking claim." *Id.* ¶ 5. As the purported basis for federal jurisdiction, Defendant argues that this "Court has original jurisdiction under 28 U.S.C. § 1331 because the action involves substantial federal questions regarding the First and Second Amendments." *Id.* ¶ 2.

1 – Opinion & Order

A defendant may remove a civil action from state court to federal district court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). In other words, when, as here, the court lacks diversity jurisdiction, removal is proper only when the court has federal-question jurisdiction over the subject matter of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. (internal quotations and citation omitted). In the context of the well-pleaded complaint rule, federal-question jurisdiction means that the complaint itself "establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). In order to arise under federal law, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id*. at 10-11 (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

This Court lacks jurisdiction over this stalking case involving domestic relations.[1] Original jurisdiction exists when either complete diversity exists, or when the action arises out of federal law. 28 U.S.C. §§ 1331, 1332. Although Defendant argues the state court action implicates his federal constitutional rights, those rights are not presented in Plaintiff's requested relief below, nor are such rights an essential element in the relief Plaintiff seeks. Stated differently, Plaintiff's request for a stalking order against Defendant does not arise under federal law.

---

[1] Additionally, Defendant's attempted removal is barred by the domestic relations exception to federal jurisdiction Federal courts generally are prohibited from interfering in issues of domestic relations. *Andenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992). Removal is also barred by *Younger* abstention. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Each factor is met here.

2 – Opinion & Order

If, following removal, the court determines that it lacks original jurisdiction, and that the case was therefore improperly removed, it must remand the matter to state court. 28 U.S.C. § 1447(c); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 8 (1983). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990)). Not only has Defendant failed to meet his burden establishing that removal was proper, his filings conclusively demonstrate that this Court lacks jurisdiction.

Because this Court clearly lacks subject-matter jurisdiction, this action is REMANDED to state court. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

IT IS SO ORDERED.

DATED this 11th day of February 2026.

                                                                /s/ Michael McShane
                                                                 Michael McShane
                                                  United States District Judge